# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN SANDOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civ. No. 2:14-cv-00859 |
| ) | |
| DELMONT BOROUGH, ) | Judge Maurice B. Cohill |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

Plaintiff, Steve Sandor (hereinafter "Plaintiff" or "Sandor"), was employed as a part-time employee in the Delmont Borough Police Department (hereinafter "Defendant" or "Delmont") in August, 1988 and in June, 1995 he was made a patrolman [ECF No. 7 at ¶9]. He has since been suspended three times [ECF No. 7 at ¶12], and terminated three times from his employment [ECF No. 7 at ¶13]. He was last terminated on August 13, 2013 for an alleged "Be on the look-out" violation [ECF No. 7 at ¶14]. The last time he was terminated the case went to arbitration, and he was ordered to be reinstated by the arbitrator [ECF No. 7 at ¶15k]. Plaintiff claims that his disabilities include a Macular hole in his left eye, obesity, heart surgery, and diabetes [ECF No. 13 at 18-19].

On September 14, 2014 Sandor filed an Amended Complaint alleging five counts against Delmont under the Rehabilitation Act of 1973 and the Pennsylvania Human Relations Act [ECF No. 7 at ¶3]: (I) Discrimination under Section 504 of the Rehabilitation Act of 1973; (II) Hostile Work Environment under Section 504 of the Rehabilitation Act of 1973; (III) Retaliation under Section 504 of the Rehabilitation Act of 1973; (IV) Discrimination under the Pennsylvania

Human Relations Act ("PHRA") and; (V) Retaliation under PHRA. Defendant filed a Motion to Dismiss or in the alternative a Motion for a More Definite Statement on September 29, 2014 [ECF No. 9]. In a Memorandum Opinion dated November 24, 2014 [ECF No. 11], the Court granted Defendant's Motion for a More Definite Statement with regard to Count II and denied Defendant's Motion to Dismiss with regard to the PHRA claims in Counts IV and V. The Court Ordered that Plaintiff file a Second Amended Complaint that states a more definite claim with regard to Count II.

## I. Procedural History

At issue before the Court now is Plaintiff's Second Amended Complaint filed on December 3, 2014 [ECF No. 13] in which the claim of Hostile Work Environment under Section 504 of the Rehabilitation Act of 1973 has been omitted leaving the remaining four counts of discrimination and retaliation under the Rehabilitation Act of 1973 and the PHRA for consideration. In response, Delmont filed another Motion to Dismiss and Motion to Strike on December 18, 2015 [ECF No. 14] still claiming that the Complaint remains deficient in several respects and continues to lack specificity. Plaintiff filed a Brief in Opposition to the Defendant's Motions on January 15, 2015 [ECF No. 18].

## II. Relevant Facts

Sandor alleges that employees of Delmont made fun of his health and weight issues, he was "taken into" meetings where he was made to feel insignificant and incompetent due to his medical issues, he was undermined by misleading statements, and he was prevented from advancing in his career [ECF No. 7 at ¶15e]. In 2010, following surgery for his weight issues, Delmont began repeatedly suspending and terminating Sandor without justification [ECF No. 7 at ¶15e]. Sandor reports that he has been suspended no less than three times and terminated no

less than three times [ECF No. 7 at ¶¶12 and 13]. The Second Amended Complaint did not provide the details of Sandor's reinstatement after these terminations. Sandor also alleges in 2010 he was accommodated for his disability of a Macular Eye Hole because Delmont did not require him to obtain rifle qualification. He was also accommodated for his obesity because Delmont provided him with a seat belt extension in his patrol car. Despite the accommodations, and perhaps because of the accommodations, he suffered harassment. Furthermore, Sandor also avers that beginning in early 2013 Delmont attempted to force the Plaintiff from his job because it stated that Sandor is a danger to the public because of his eye disability [ECF No. 18 at 3]. Sandor alleges that Delmont withdrew its accommodation in an effort to undermine his position and force him into retirement [ECF No. 13 at ¶ 27].

On May 23, 2013 Sandor's attorney contacted Delmont's counsel regarding Sandor's claims. Sandor's final termination was on August 13, 2013 for an alleged "Be on the look-out" violation which happened on or about February 2013 [ECF No. 7 at ¶14]. The termination was overturned by a neutral arbitrator and Sandor was to be reinstated to his job with back-pay. He was to resume his normal duties and income [ECF No. 7 at ¶15k-l]. However, Sandor was never permitted to return to work. On May 19, 2014 Sandor's Union attorney filed a Charge of Unfair Labor practices. Subsequently, Delmont returned Sandor to the payroll on May 26, 2014 but Sandor remains on indefinite leave [ECF No. 7 at ¶15n]. Sandor's employer is now requiring him to attend an Independent Medical Evaluation ("IME") [ECF No. 7 at ¶15o] before returning to work.

### III. Standard of Review for Rule 12(b)(6) Motion to Dismiss

In ruling on a Rule 12(b)(6) Motion for Failure to State a Claim upon which Relief can be granted, a court must "'accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)); (see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007)). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does, however, "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). "Factual allegations [of a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

The Supreme Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims

asserted. See 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Phillips, 515 F.3d at 232 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 555 n. 3 (2007)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips, "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

## IV. Analysis

In its Motion to Dismiss, Delmont asserts that Plaintiff's Second Amended Complaint fails to state a claim for Retaliation or Discrimination under the Rehabilitation Act of 1973 or the Pennsylvania Human Relations Act.

> To establish a prima facie case of disability discrimination under §§ 501(b) and 504 of the Act, plaintiff must show (1) that he is disabled under the Act, (2) that he is otherwise qualified for the position, (3) that he was excluded from employment solely for the reason of his handicap, and (4) that the program receives federal funding. *See Menkowitz v. Pottstown Memorial Medical Center,* 154 F.3d 113, 123 (3d Cir.1998); *Shiring v. Runyon,* 90 F.3d 827, 831 (3d Cir.1996); *Strathie v. Department of Transp.,* 716 F.2d 227, 230 (3d Cir.1983)

Simonetti v. Runyon, No. CIV.A.98-2128, 2000 WL 1133066, at *4 (D.N.J. Aug. 7, 2000) aff'd, 276 F.3d 579 (3d Cir. 2001).

The parties agree that these are the elements that must be satisfied to establish a claim for discrimination under the Rehabilitation Act of 1973 and the PHRA [ECF No. 15 at 5; ECF No. 18 at 3]. Sandor has described several disabling health conditions and has offered a theory that he was excluded from employment due to his disabilities. In particular Sandor focuses on the fact that he was being accommodated for his Macular eye hole when he was excused from the requirement of qualifications at the shooting range in 2010 but when he later requested the same accommodation it was denied [ECF No. 18 at 3-4].[1] The law prohibits such denial of an accommodation. As used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes--

**(5)(A)** not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity;
42 U.S.C.A. § 12112 (West).

In summary, Sandor alleges unfair treatment by his employer commencing in and around 2010, which included failing to provide him with reasonable accommodations; failing to properly respond to the requests for reasonable accommodations; failing to properly investigate the requests for reasonable accommodations; subjecting him to jokes about his medical conditions, forced retirement, suspension and termination; falsely accusing him of misconduct or inappropriate behavior; subjecting him to an unreasonable amount of disciplinary actions; and failure to return him to work as decided by a neutral arbitrator [ECF No. 13 at 11]. Sandor

---

[1] Sandor asserts withdrawing an existing accommodation that was working and that was not unreasonable for the employer may establish a claim for disability discrimination. See Isbell v. John Crane Inc., N.D. Ill., No 11-C-2347 (March 21, 2014) [ECF No. 18 at 5].

believes many of these actions described above were in retaliation against his protected activity [ECF No. 13 at 13]. Plaintiff argues the temporal proximity between his discussions regarding accommodation, and the harassment, suspensions, termination and refusal to return him to work, or to pay him, sufficiently prove retaliatory conduct on the part of Delmont [ECF No. 18 at 10].

Delmont asserts that Plaintiff has failed to allege an adverse employment action, or any request for accommodation that was not provided by Defendant, and therefore, any claim for discrimination or retaliation cannot stand [ECF No. 15 at 7]. Delmont pleads in the alternative it is entitled to a more specific pleading pursuant to Twombly and its progeny [ECF No. 15 at 8]

In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips, 515 F.3d at 233, *quoting* Pinker, 292 F.3d at 374 n. 7, and *citing* Twombly, 127 S.Ct. at 1969 n.8. To withstand a motion to dismiss under Rule 12(b)(6), the Complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, at 234, *quoting* Twombly, 127 S. Ct. at 1965. Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.'" Id. (quotations omitted).

We find that Plaintiff has adequately pleaded a claim for relief under this standard. Even post-Twombly, Plaintiff is not required to *establish* the elements of a prima facie case. Plaintiff alleges that he was denied requested accommodations, subject to unwanted comments, and

unlawfully suspended and terminated. He further alleges that because he engaged in the protected activity of requesting an accommodation he was terminated and refused reinstatement. These allegations constitute "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements.'"

The Phillips Court found that the plaintiff had met the pleading standard of a state created danger to show a "direct causal relationship between [an] affirmative act and plaintiff's harm" where the plaintiff had alleged that after the defendants has committed the affirmative act of providing information to a third party, that third party used that information to harm the plaintiff. Phillips, 515 F.3d at 236-237. Similarly, here Plaintiff alleges that after he requested accommodations the Defendant engaged in adverse action against him. Details of the alleged terminations and suspensions, the harassing comments and jokes, and the denial of requests for accommodation "could be more readily forthcoming in discovery." Wilkerson, 522 F.3d 315, 322 (3d Cir. 2008) (finding that plaintiff had sufficiently alleged a retaliation claim under the post-Twombly standard of review). Accordingly, we will deny Defendant's motion to dismiss Plaintiff's Second Amended Complaint for discrimination and retaliation.

## VI. Conclusion

Pursuant to the foregoing reasoning, we find that Sandor has put forth a sufficient cause of action for discrimination and retaliation under the applicable law. We will deny Delmont's Motion to Dismiss for failure to state a claim and it's Motion for a more definite statement.

An appropriate Order follows.

DATE: ＿Feb 17＿, 2015

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Court Judge